# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

THEE AUDRY FOSTER,

        Defendant-Appellant.

UNPUBLISHED
May 19, 2016

No. 325829
Macomb Circuit Court
LC No. 2014-002671-FH

---

Before: MURPHY, P.J., and CAVANAGH and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of resisting or obstructing a police officer, MCL 750.81d(1), possession of marijuana, MCL 333.7403(2)(d), and domestic assault, MCL 750.81(2). The trial court sentenced defendant to 18 months' probation, with a suspended sentence of 90 days in the county jail. We affirm.

This case arose out of defendant's assault of his wife at their home, defendant's conduct in resisting and obstructing police officers who attempted to arrest him for the assault, and the discovery of marijuana on defendant's person after police were able to gain control of defendant. This appeal concerns the resisting or obstructing charge and conviction, and more specifically an issue regarding jury instructions relative to the lawfulness of defendant's arrest. We begin with a brief overview of the law with respect to resisting or obstructing a police officer under MCL 750.81d in order to provide some context to our discussion. In *People v Moreno*, 491 Mich 38, 57-58; 814 NW2d 624 (2012), our Supreme Court held that a person has a right to resist an unlawful arrest for purposes of MCL 750.81d. In *People v Quinn*, 305 Mich App 484, 492; 853 NW2d 383 (2014), this Court held that "it is clear that under *Moreno*, as at common law, the prosecution must establish that the officers acted lawfully as an actual element of the crime of resisting or obstructing a police officer under MCL 750.81d." In *People v Vandenberg*, 307 Mich App 57, 69; 859 NW2d 229 (2014), the Court, addressing MCL 750.81d and the rulings in *Moreno* and *Quinn*, observed:

> For an arrest to be lawful, the police officer making the arrest must have probable cause, either that a felony or misdemeanor was committed by the individual in the officer's presence, or that a felony or specified misdemeanor (i.e., a misdemeanor punishable by imprisonment for more than 92 days) occurred

-1-

outside the officer's presence and that the individual in question committed the offense. . . . An arrest is legal if an officer has reasonable cause to believe that a crime was committed by the defendant. Probable cause to arrest exists where the facts and circumstances within an officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed. [Citations, quotation marks, and parentheses omitted.]

The *Vandenberg* panel noted that "the lawfulness of an officer's arrest is an element of the offense [of resisting or obstructing a police officer] on which the jury must be instructed." *Vandenberg*, 307 Mich App at 69 n 3. However, this Court did not rule that a jury must be given instructions with respect to what constitutes a lawful arrest.

Here, one of the responding police officers testified that the victim indicated to him that defendant had assaulted her, precipitating and resulting in the arrest against which defendant resisted. Police testimony further provided that the victim informed them, after defendant had been taken away, that defendant had pushed her head into a wall and threw items at her. The victim wrote out a witness statement to that effect. At trial, however, the victim testified in a manner suggesting that she had been the instigator and at fault for any altercation between her and defendant. She denied that defendant had pushed her head against a wall, and she denied informing the police prior to the arrest that defendant had assaulted her or had done anything unlawful.

At the start of the last day of trial, the prosecutor, defense attorney, and the trial court discussed the instructions regarding the resisting or obstructing charge, with the focus being on instructional issues concerning the lawfulness of an underlying arrest. All agreed, consistent with the authorities discussed above, that it was necessary to instruct the jury that the prosecution had the burden to prove that the officers' conduct was lawful.[1] Defense counsel did not request a jury instruction to guide jurors in determining whether the arrest was lawful. Instead, defense counsel asked for a special verdict form to be used, which would specifically ask the jurors whether they found that the victim had indicated to police before the arrest that she had been injured or assaulted by defendant. Defendant's theory was that if the jury answered in the negative, there would have been an absence of probable cause to arrest defendant for domestic assault, thereby making the arrest unlawful. The trial court declined to employ a special verdict form as requested by defendant.

At the conclusion of the trial, the court instructed the jury on the elements of resisting or obstructing a police officer, including the element regarding the need to show the lawfulness of police conduct. The trial court additionally instructed that "defendant has the right to resist an unlawful arrest" and that "[i]f you find the police officers' actions or the arrest was unlawful then you must find the defendant not guilty." After reading the instructions to the jury, the trial court

---

[1] The other elements of the crime are not in dispute.

inquired of counsel whether there were any issues with respect to the given instructions, and defense counsel responded, "Nothing, your Honor."

On appeal, defendant argues that the trial court abused its discretion by failing to instruct the jury regarding how to determine whether the police officers' actions were lawful, and that the court further abused its discretion by failing to grant him a new trial on this ground. In *People v Dobek*, 274 Mich App 58, 82; 732 NW2d 546 (2007), this Court stated:

> Claims of instructional error are generally reviewed de novo by this Court, but the trial court's determination that a jury instruction is applicable to the facts of the case is reviewed for an abuse of discretion. A defendant in a criminal trial is entitled to have a properly instructed jury consider the evidence against him or her. The trial court's role is to clearly present the case to the jury and to instruct it on the applicable law. Jury instructions must include all the elements of the offenses charged against the defendant and any material issues, defenses, and theories that are supported by the evidence. Jury instructions are reviewed in their entirety, and there is no error requiring reversal if the instructions sufficiently protected the rights of the defendant and fairly presented the triable issues to the jury [Citations omitted.]

Given that defendant's argument below simply proposed use of a special verdict form, that defendant's contention on appeal is that the trial court failed to properly instruct the jury, which is a matter separate and distinct from the verdict form, and that defendant indicated approval of the instructions given to the jury, we conclude that defendant waived his instructional claim of error. *People v Lueth*, 253 Mich App 670, 688; 660 NW2d 322 (2002) (finding waiver when defense counsel answered, " 'No, your honor,' " when the court asked whether there were any objections to the instructions read to the jury). Moreover, while defendant argues that the jury should have been instructed on the "qualities of a lawful arrest," he does not actually set forth a proposed instruction that should have been given by the trial court. Finally, assuming that there was no waiver of the appellate issue, that defendant actually identified a proposed instruction, and that an instructional omission relative to defining or explaining lawfulness constituted error, we cannot find any prejudice to defendant. Defendant's theory appears to remain focused on the victim's testimony that she never informed the police that defendant assaulted her or did anything unlawful before officers arrested defendant, thereby creating a factual issue regarding probable cause and the lawfulness of the arrest. And had the jury been instructed in some form or fashion on the concepts of probable cause or lawfulness, the jury could very well have acquitted defendant of resisting or obstructing a police officer. The problem with this theory is that the jury convicted defendant of domestic assault, plainly reflecting that the jurors did not find any of the victim's trial testimony credible, including her claim that she did not indicate to police before the arrest that she had been assaulted by defendant. This entirely undermines defendant's argument that an instruction explaining to the jury how to determine lawfulness would have had a bearing on the charge of resisting or obstructing a police officer. We conclude that any assumed instructional error was harmless.

MCL 769.26; *People v Lukity*, 460 Mich 484, 495; 596 NW2d 607 (1999). Reversal is unwarranted.[2]

Affirmed.

/s/ William B. Murphy
/s/ Mark J. Cavanagh
/s/ Amy Ronayne Krause

---

[2] We note that the Committee on Model Criminal Jury Instructions has not made any modifications to M Crim JI 13.1 (applicable to MCL 750.81d) adding a lawfulness element. The Committee may wish to explore the matter, as well as entertaining the possibility of crafting an instruction defining or explaining what constitutes lawful conduct by police.